**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| NONA A.,[1] | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 25 C 5796** |
| v. | ) | |
| | ) | **Magistrate Judge** |
| FRANK BISIGNANO, | ) | **Daniel P. McLaughlin** |
| Commissioner of Social Security, | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

This action was brought under 42 U.S.C. § 405(g) to review the final decision

of the Commissioner of Social Security denying Plaintiff Nona A.'s claims for

Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").

The parties have consented to the jurisdiction of the United States Magistrate

Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion

to reverse the Commissioner's decision [13] is granted in part, and the

Commissioner's cross-motion for summary judgment [20] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security
Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last
name.

## BACKGROUND

### I.    PROCEDURAL HISTORY

On October 10, 2019, Plaintiff filed claims for DIB and SSI, alleging disability since September 14, 2019. Following a hearing, an Administrative Law Judge ("ALJ") issued an unfavorable decision on May 13, 2021. Plaintiff appealed to the Northern District of Illinois and the court remanded the case on October 6, 2022 pursuant to a joint stipulation by the parties. The ALJ held a telephonic remand hearing on October 16, 2023. All participants attended the hearing by telephone. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified.

On November 21, 2023, the ALJ again denied Plaintiff's claims for benefits, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's November 21, 2023 decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II.    ALJ DECISION

In the ALJ's November 21, 2023 decision, Plaintiff's claims were analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of September 14, 2019. At step two, the ALJ concluded that Plaintiff had the

2

following severe impairments: degenerative disc disease; degenerative joint disease of the ankles; left shoulder caudal subluxation (dislocation); arthritis of the knees and feet; and obesity. The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following additional limitations: can occasionally operate foot controls bilaterally; can occasionally reach overhead to the left; can frequently kneel, crouch, crawl, and climb ramps and stairs; can occasionally stoop and climb ladders, ropes, and scaffolds; and can have no concentrated exposure to unprotected heights, moving mechanical parts, humidity and wetness, or vibration. At step four, the ALJ determined that Plaintiff is capable of performing her past relevant work as a driver supervisor and postal clerk. Accordingly, the ALJ concluded that Plaintiff is not disabled under the Social Security Act.

## DISCUSSION

### I.    ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff

3

presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.     JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even

in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted).

The Seventh Circuit has made clear that ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053-54 (7th Cir. 2024) (citations omitted). All that is required is that "ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow . . . a reviewing court[] to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Id.* at 1054 (citations and internal quotations omitted). Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision

must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

## III. ANALYSIS

In moving for reversal, Plaintiff raises three arguments, namely: (1) the Appeals Council erred in denying Plaintiff's request for review; (2) the ALJ erred in finding that Plaintiff could perform her past relevant work; and (3) the ALJ did not adequately assess Plaintiff's symptoms.

### A. Social Security Ruling 24-2p

Pointing to the ALJ's finding that Plaintiff was capable of performing her past relevant work as a driver supervisor and postal clerk, Plaintiff argues that the Appeals Council erred by not applying SSR 24-2p when considering Plaintiff's request for review. ([13] at 6-7.) With respect to past relevant work, SSR 24-2p specifies a 5-year lookback period rather than the 15-year lookback period applied by the ALJ. Plaintiff's contention that SSR 24-2p provides a basis for reversal is easily disposed of, as SSR 24-2p became effective on June 22, 2024 and was not in place at the time of the ALJ's decision (November 2023). *See Aubrey L. v. O'Malley*, No. 24 C 7055, 2025 WL 461437, at *2 n.2 (N.D. Ill. Feb. 11, 2025). *See also John H. v. Comm'r of Soc. Sec.*, No. C24-5250-MLP, 2024 WL 4529264, at *2 (W.D. Wash. Oct. 18, 2024) ("Plaintiff contends the ALJ applied outdated rules regarding past relevant work. A reviewing court must evaluate an ALJ's decision based on the 'law[s] in effect at the time of the ALJ's decision.' Regulations in place at the time of the ALJ's December 2023 decision provided that work performed within the past 15

6

years qualified as 'past relevant work.' Although new regulations [SSR 24-2p] limiting this window to five years took effect in June 2024, they are not relevant to this case. The ALJ applied the correct pre-2024 rules, and Plaintiff's argument fails as a result.) (citations omitted); *Minnis v. Commissioner*, No. 24-11281, 2025 WL 974570, at *3-4 (11th Cir. Apr. 1, 2025); *Dawn Louise M. v. O'Malley*, No. 4:24-CV-00130-DKG, 2024 WL 4388155, at *4 (D. Idaho Oct. 3, 2024). Furthermore, though the Appeals Council in this case issued its determination after June 22, 2024, "where the Appeals Council denies a claimant's request for review, the relevant 'adjudication' for ascertaining past relevant work 'is the ALJ's decision.'" *Chris C. v. SSA Comm'r*, No. 25-CV-04134-TSH, 2025 WL 3771614, at *3-4 (N.D. Cal. Dec. 31, 2025) (rejecting plaintiff's argument that "SSR 24-2p should apply because the Appeals Council denied review of his claim on March 14, 2025, after SSR 24-2p took effect").[2]

However, for the reasons explained below, the Court finds that remand for further proceedings is required. On remand, the Agency will be required to apply SSR 24-2p. *See* SSR 24-2p, 2024 WL 3291790, at *2 n.1 ("If a court reverses our final decision and remands a case for further administrative proceedings after the applicable date of this SSR, we will apply this SSR to the entire period at issue in the decision we make after the court's remand."); *Kimberly C. v. O'Malley*, No. CV

---

[2] Defendant also points out that "the new rules are inconsequential to plaintiff's claim because her work as a driver-supervisor and postal clerk was performed not only less than 15 years, but also less than five years before the Commissioner's final decision." ([20] at 12.)

SAG-21-0873, 2025 WL 316234, at *2, n.4 (D. Md. Jan. 27, 2025) ("Once remanded, however, the SSA will apply the current regulations.").

**B.     The ALJ's Step Four Finding**

As stated above, the ALJ determined at step four that Plaintiff would be capable of performing her past relevant work with USPS as a driver supervisor and postal clerk. (R. 802-03.) In reaching that conclusion, the ALJ outlined the VE's testimony regarding the DOT codes, SVP levels, and exertional levels of Plaintiff's past jobs. The ALJ then stated as follows:

> The vocational expert testified that an individual with the same age, education and past work experience and residual functional capacity as the claimant would be able to perform the past work as a driver supervisor and postal clerk as performed on the job and as generally performed as described in the Dictionary of Occupational Titles based on the residual functional capacity described above. I find the vocational expert testimony is consistent with the D.O.T. . . . In comparing the claimant's residual functional capacity with the physical and mental demands of this work, I find that the claimant is able to perform them as actually and generally performed.

(*Id.* at 803.) Plaintiff argues that the ALJ's step four finding is insufficient. The Court agrees.

The Seventh Circuit has observed that "the determination of whether the claimant can perform past work has far-reaching implications and must be developed and explained fully in the disability decision." *Sevec v. Kijakazi*, 59 F.4th 293, 300 (7th Cir. 2023) (citing SSR 82-62,[3] internal quotations omitted). As such, in assessing a claimant's ability to perform past relevant work, "the ALJ must specify the duties involved in a prior job and assess the claimant's ability to perform the

---

[3] SSR 82-62 was in effect at the time of the ALJ's November 21, 2023 decision.

specific tasks." *Nolen v. Sullivan*, 939 F.2d 516, 519 (7th Cir. 1991). Put differently, "[t]o determine if a claimant is capable of performing his or her past relevant work, an ALJ must compare the demands of the claimant's past occupation with his or her present capacity." *Steward v. Bowen*, 858 F.2d 1295, 1299–300 (7th Cir. 1988) (citation omitted).

In this case, the ALJ erred by not sufficiently delineating the duties involved in Plaintiff's past jobs nor explicitly evaluating Plaintiff's ability to perform the duties of the past jobs. *See Hayes v. Colvin*, No. 17 C 237, 2017 U.S. Dist. LEXIS 186213, at *7-8 (N.D. Ill. Nov. 9, 2017) ("In the instant action, the ALJ provided only a general statement as to the ability to perform past relevant work as a telemarketer, but the ALJ failed to address the specific mental and physical demands that were connected to such a job.") (citation omitted); *Kenefick v. Astrue*, 535 F. Supp. 2d 898, 908-09 (N.D. Ill. 2008) ("Because the ALJ concluded the disability analysis at Step Four by finding that Claimant could return to her past work as a secretary, it was essential for the ALJ to have understood and articulated the specific work the Claimant was performing in her past work.") (citation omitted). Plaintiff is correct that the ALJ reversibly erred when he failed to set forth the job duties in comparison to Plaintiff's abilities and instead unquestioningly relied on the VE's testimony.[4] *See Sevec*, 59 F.4th at 300 (finding

---

[4] The VE provided DOT code 243.367-010 for the Postal Clerk position and the ALJ repeated that code in his decision. (R. 729, 803.) In actuality, DOT code 243.367-010 corresponds to a "Mail Censor" position, which includes duties that do not remotely resemble Plaintiff's past work for USPS, such as screening packages "to ensure compliance with prison security rules." The Court finds that error troubling. *See Cardenas v. Berryhill*, No. 17 CV 8242, 2018 WL 5311899, at *7 (N.D. Ill. Oct. 26, 2018) ("[T]he DOT code the VE

ALJ's finding with respect to past relevant work deficient where ALJ's analysis "rest[ed] wholly on the terse, breezy conclusions of the VE"); *Kevin C. M. v. Bisignano*, No. 23-CV-50046, 2025 WL 1413248, at \*3 (N.D. Ill. May 15, 2025) ("The ALJ must make the administrative findings at step four based on the evidence and the applicable law and not defer uncritically to a VE's conclusions.").

Ultimately, the ALJ's errors in this case at step four require that this matter be remanded. *See Rainey v. Berryhill*, 731 Fed. App'x 519, 523 (7th Cir. 2018) (finding remand necessary where "the ALJ failed to do a function-by-function analysis of [the Claimant's] past relevant work"); *Cain v. Astrue*, No. 10 C 6849, 2011 U.S. Dist. LEXIS 146609, at \*23 (N.D. Ill. Dec. 21, 2011) ("Here, both the ALJ and the VE described Cain's past work in a generic way and thus, remand is required.") (citation omitted); *Kevin C. M.*, 2025 WL 1413248 at \*4 ("The Court finds that the ALJ erred at step four of the analysis by failing to develop and explain how Plaintiff was able to perform his past relevant work in light of the VE's testimony regarding his conclusions and therefore did not base his findings on substantial evidence.").

---

provided for the clerical stock checker position corresponds to a job that is substantively different than the clerical stock job. This error should have been plainly obvious to the ALJ with barely a modicum of research, as it was readily apparent to the Court that these titles and codes did not match, yet the ALJ did not mention it nor resolve it."). Plaintiff is apparently correct that "the ALJ made no attempt to verify the accuracy of VE Dunleavy's testimony, and the ALJ could have researched the matter before issuing an incorrect decision." ([21] at 7.)

10

Based on its conclusion that remand is necessary for these reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that Plaintiff's ability to perform past or other work is properly considered and Plaintiff's subjective symptoms are properly evaluated.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to reverse the Commissioner's decision [13] is granted in part, and the Commissioner's cross-motion for summary judgment [20] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order. As specified above, on remand, the Agency will be required to apply SSR 24-2p.

**SO ORDERED.**                               **ENTERED:**

**DATE:**     May 5, 2026               _____
                                        **HON. DANIEL P. McLAUGHLIN**
                                        **United States Magistrate Judge**

11