**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **NONA A.,**[1] | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 25 C 5796** |
| v. | ) | |
| | ) | **Magistrate Judge** |
| **FRANK BISIGNANO,** | ) | **Daniel P. McLaughlin** |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

This action was brought under 42 U.S.C. § 405(g) to review the final decision

of the Commissioner of Social Security denying Plaintiff Nona A.'s claims for

Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").

The parties have consented to the jurisdiction of the United States Magistrate

Judge pursuant to 28 U.S.C. § 636(c).

The matter is presently before the Court on Defendant's Rule 59(e) Motion to

Alter or Amend Judgment [28]. Defendant's motion asks this Court to reconsider its

Memorandum Opinion and Order dated May 5, 2026 [26] which granted in part

Plaintiff's motion to reverse the Commissioner's decision [13], denied Defendant's

cross-motion for summary judgment [20], and remanded the matter to the

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security
Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last
name.

Commissioner for further proceedings. For the reasons that follow, Defendant's motion to reconsider [28] is granted. Further, upon reconsideration, Plaintiff's motion to reverse the Commissioner's decision [13] is denied, and Defendant's cross-motion for summary judgment [20] is granted.

## MOTION TO RECONSIDER

Defendant moves to reconsider pursuant to Federal Rule of Civil Procedure 59(e). A party moving to alter or amend a judgment under Rule 59(e) "must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 955 (7th Cir. 2013) (citation and internal quotations omitted). A manifest error of law may be demonstrated if the Court failed to apply controlling precedent. *See Oto v. Metro. Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000). A motion to reconsider under Rule 59(e) "enables the court to correct its own errors and thus avoid unnecessary appellate procedures." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996) (citation omitted).

As set forth in this Court's prior decision, the Administrative Law Judge ("ALJ") in this matter found at step four of the sequential evaluation process that Plaintiff was capable of performing her past relevant work as a driver supervisor and postal clerk (and therefore was not disabled). The Court found reversible error because the ALJ did not "specify the duties involved in [the] prior job[s] and assess [Plaintiff's] ability to perform the specific tasks." ([26] at 8-9 citing *Nolen v. Sullivan*, 939 F.2d 516, 519 (7th Cir. 1991).) Defendant now moves to reconsider on

2

the grounds that the Court's determination in that regard was erroneous. The Court agrees with Defendant that the Court's ultimate holding as to the ALJ's step four finding was based on a manifest error of law.

As part of his finding that Plaintiff was capable of performing her past work, the ALJ relied on the vocational expert's testimony and determined, *inter alia*, that Plaintiff was able to perform her past work as a driver supervisor *as that job is generally performed* according to the Dictionary of Occupational Titles ("DOT"). (R. 803.) As Defendant now points out, when a job is classified in the DOT, the DOT's job description satisfies the ALJ's responsibility to make a finding of fact as to the physical and mental demands of the claimant's past relevant work as the occupation is generally performed in the national economy. As such, the Court now finds in this case that the ALJ reasonably relied on the vocational expert to classify Plaintiff's past work as a driver supervisor, and because Plaintiff's past work was described in the DOT, the ALJ could rely on the DOT to describe the job functions of that job as it is generally performed in the national economy. Conversely, with respect to the driver supervisor position as it is generally performed, the Court now finds that the ALJ was not obligated specify the duties involved and assess Plaintiff's ability to perform the specific tasks. *See Pamela S. v. Kijakazi*, No. 20 CV 607, 2022 WL 1185604, at *8 (N.D. Ill. Apr. 21, 2022) ("Having considered the specific jobs the VE identified, as they are usually performed, the ALJ supported his step-four determination with substantial evidence."); *Patrick V. W. v. Saul*, No. 19 C 1297, 2020 WL 7353443, at *7 (N.D. Ill. Dec. 15, 2020) ("In sum, the ALJ's decision

3

to accept the VE's testimony that Plaintiff can perform his past relevant work as a semi-truck driver as the work is generally performed is supported by substantial evidence. The case will not be remanded for further consideration of this issue.").

Ultimately, the Court now holds that the ALJ's step four finding was adequately supported. Accordingly, the Court must vacate its May 5, 2026 decision to the extent it found that the ALJ's step four finding was deficient. Given its previous determination that the step four issue warranted remand, the Court did not consider all of the arguments raised by the parties in their summary judgment briefing. The Court will now consider the remainder of the arguments below.

## RECONSIDERATION OF THE PARTIES' CROSS-DISPOSITIVE MOTIONS

### I. PROCEDURAL HISTORY

As set forth in this Court's May 5, 2026 decision, Plaintiff filed claims for DIB and SSI on October 10, 2019, alleging disability since September 14, 2019. Following a hearing, an ALJ issued an unfavorable decision on May 13, 2021. Plaintiff appealed to the Northern District of Illinois and the court remanded the case on October 6, 2022 pursuant to a joint stipulation by the parties. The ALJ held a telephonic remand hearing on October 16, 2023. All participants attended the hearing by telephone. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert also testified.

On November 21, 2023, the ALJ again denied Plaintiff's claims for benefits, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving

4

the ALJ's November 21, 2023 decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II.   ALJ DECISION

In the ALJ's November 21, 2023 decision, Plaintiff's claims were analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of September 14, 2019. At step two, the ALJ concluded that Plaintiff had the following severe impairments: degenerative disc disease; degenerative joint disease of the ankles; left shoulder caudal subluxation (dislocation); arthritis of the knees and feet; and obesity. The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following additional limitations: can occasionally operate foot controls bilaterally; can occasionally reach overhead to the left; can frequently kneel, crouch, crawl, and climb ramps and stairs; can occasionally stoop and climb ladders, ropes, and scaffolds; and can have no concentrated exposure to unprotected heights, moving mechanical parts, humidity and wetness, or vibration. As discussed above, the ALJ determined at step four that Plaintiff is capable of performing her past relevant work as a driver

supervisor and postal clerk. Accordingly, the ALJ concluded that Plaintiff is not disabled under the Social Security Act.

## III.    ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## IV.   JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted).

The Seventh Circuit has made clear that ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053-54 (7th Cir. 2024) (citations omitted). All that is required is that "ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow

. . . a reviewing court[] to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Id.* at 1054 (citations and internal quotations omitted). Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

## V. ANALYSIS

### A. Social Security Ruling 24-2p

The Court will again address Plaintiff's argument pertaining to Social Security Ruling 24-2p. Pointing to the ALJ's finding that Plaintiff was capable of performing her past relevant work as a driver supervisor and postal clerk, Plaintiff argues that the Appeals Council erred by not applying SSR 24-2p when considering Plaintiff's request for review. ([13] at 6-7.) With respect to past relevant work, SSR 24-2p specifies a 5-year lookback period rather than the 15-year lookback period applied by the ALJ. Plaintiff's contention that SSR 24-2p provides a basis for reversal is easily disposed of, as SSR 24-2p became effective on June 22, 2024 and was not in place at the time of the ALJ's decision (November 2023). *See Aubrey L. v.*

8

*O'Malley*, No. 24 C 7055, 2025 WL 461437, at *2 n.2 (N.D. Ill. Feb. 11, 2025). *See also John H. v. Comm'r of Soc. Sec.*, No. C24-5250-MLP, 2024 WL 4529264, at *2 (W.D. Wash. Oct. 18, 2024) ("Plaintiff contends the ALJ applied outdated rules regarding past relevant work. A reviewing court must evaluate an ALJ's decision based on the 'law[s] in effect at the time of the ALJ's decision.' Regulations in place at the time of the ALJ's December 2023 decision provided that work performed within the past 15 years qualified as 'past relevant work.' Although new regulations [SSR 24-2p] limiting this window to five years took effect in June 2024, they are not relevant to this case. The ALJ applied the correct pre-2024 rules, and Plaintiff's argument fails as a result.) (citations omitted); *Minnis v. Commissioner*, No. 24-11281, 2025 WL 974570, at *3-4 (11th Cir. Apr. 1, 2025); *Dawn Louise M. v. O'Malley*, No. 4:24-CV-00130-DKG, 2024 WL 4388155, at *4 (D. Idaho Oct. 3, 2024). Furthermore, though the Appeals Council in this case issued its determination after June 22, 2024, "where the Appeals Council denies a claimant's request for review, the relevant 'adjudication' for ascertaining past relevant work 'is the ALJ's decision.'" *Chris C. v. SSA Comm'r*, No. 25-CV-04134-TSH, 2025 WL 3771614, at *3-4 (N.D. Cal. Dec. 31, 2025) (rejecting plaintiff's argument that "SSR 24-2p should apply because the Appeals Council denied review of his claim on March 14, 2025, after SSR 24-2p took effect").

### B.    The ALJ's Assessment of Plaintiff's Symptoms

Plaintiff contends that the ALJ's assessment of her subjective symptoms was erroneous. ([13] at 13-15.) Pertinent to that assertion, in his decision, the ALJ noted Plaintiff's alleged symptoms, including her testimony that "if she sits or stands for too long, she gets stiffness and pain" and "she is able to sit for 15 to 20 minutes before her legs go numb [and] then needs to stand up for 15 to 20 minutes before she can sit down again." (R. 795.) The ALJ further noted Plaintiff's reports that "she has 'severe pain' in her legs two to three times a week" and "uses a cane for balance and for help with walking." (*Id.*) However, the ALJ determined that Plaintiff's alleged symptoms were "not entirely consistent with the medical evidence and other evidence in the record." (*Id.* at 796.) In support of that conclusion, the ALJ stated as follows in a dedicated passage:

> I further find the evidence generally does not support the alleged loss of functioning. . . . As for the claimant's statements about the intensity, persistence, and limiting effects of her symptoms, they are inconsistent because multiple examinations of record since the alleged onset date have indicated her being in no acute distress. Despite her back and lower extremity conditions, many examinations of record since the alleged onset date have indicated her having a normal gait without assistive devices. Prescribed treatment, physical therapy, and medications have improved her conditions. In November 2022, she reported to Dr. Barnes of having no pain or stiffness in her bilateral feet. In April 2023, Dr. Barnes noted that she reported her feet were doing better and the foot orthotics were helping a lot. In June 2023, she further reported having only minimal soreness in her feet and her pain level in her feet was at a level of one. Additionally, in July 2023, she reported to Dr. Barnes that the pain level in her neck had decreased to three and a back pain level was down to four. I find the evidence generally does not support the alleged loss of functioning.

(*Id.* at 802 (citations omitted).)

10

This Court gives "the ALJ's credibility finding special deference and will overturn it only if it is patently wrong." *Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017) (internal quotations and citation omitted). "[P]atently wrong . . . means that the decision lacks any explanation or support." *Murphy v. Colvin*, 759 F.3d 811, 816 (7th Cir. 2014) (citation omitted). Under that standard, the Court finds that, per the ALJ's explanation and support quoted above, the ALJ reasonably determined that Plaintiff's allegations were not fully corroborated. *See Prill v. Kijakazi*, No. 21-1381, 2022 U.S. App. LEXIS 1072, at *23 (7th Cir. Jan. 13, 2022) ("Substantial evidence supports the ALJ's determination that Prill's account of her subjective symptoms was not consistent with her medical records."); *Ray v. Saul*, 861 F. App'x 102, 107 (7th Cir. 2021) ("Because the ALJ's weighing of [claimant's] reported symptoms in the context of the whole record is supported by substantial evidence, we find no reversible error on this front either."); *Schrank v. Saul*, 843 F. App'x 786, 789 (7th Cir. 2021) ("[T]he ALJ's credibility determination was not 'patently wrong,' because she found [claimant] not credible for several reasons that were adequately supported by the record.") (citation omitted); *cf. Lacher v. Saul*, 830 F. App'x 476, 478 (7th Cir. 2020) ("The ALJ's rationale here was thin, but it was adequate to reflect her conclusion that the objective medical evidence and Lacher's daily activities did not corroborate his subjective symptoms."). Accordingly, Plaintiff's argument concerning the ALJ's symptom assessment is unavailing. The Court must decline Plaintiff's invitations to reweigh the evidence in relation to her subjective symptoms. *See Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021).

## <u>CONCLUSION</u>

For the foregoing reasons, Defendant's Rule 59(e) Motion to Alter or Amend Judgment [28] is granted. The Court hereby vacates its Memorandum Opinion and Order dated May 5, 2026 [26], along with the corresponding Minute Order [25] and Entered Judgment [27]. Further, upon reconsideration, Plaintiff's motion to reverse the Commissioner's decision [13] is denied, and Defendant's cross-motion for summary judgment [20] is granted.

**SO ORDERED.**                                          **ENTERED:**


**DATE:**      **June 16, 2026**      _____
**HON. DANIEL P. McLAUGHLIN**
**United States Magistrate Judge**

12